UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-10072-CIV-MARTINEZ/MCALILEY

F.E.B. CORPORATION,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant the United States of America ("United States"), by and through the undersigned Assistant United States Attorney for the Southern District of Florida, and, for its Answer to Plaintiff's Complaint [D.E. 1], states as follows:

### JURISDICTION AND VENUE[1]

1.    The United States denies all the factual allegations contained in paragraph 1 of Plaintiff's Complaint, and denies that this Court has subject matter jurisdiction under the Quiet Title Act, 28 U.S.C. § 2409a and 28 U.S.C. § 1346(f).

2.    The United States admits that the property in dispute constitutes approximately thirty-nine acres of submerged lands, including a spoil island known as Wisteria Island or Christmas Island, but denies that the State of Florida ever had ownership of the property. The United States admits that venue is proper.

---

[1] The United States reprints Plaintiff's headings for ease of reference. Plaintiff's headings do not constitute factual allegations. To the extent the headings are considered as factual allegations, those allegations are denied.

## I. SUMMARY OF FEB'S OWNERSHIP OF WISTERIA ISLAND
## AND THE UNEQUIVOCAL GOVERNMENTAL ACKNOWLEDGMENTS THEREOF

*THE STATE OF FLORIDA'S OWNERSHIP OF SUBMERGED LANDS,
INCLUDING THOSE AT ISSUE IN THIS CASE*

3.  The United States admits that Florida became a state within the United States by an Act of the 28th Congress. The United States denies all remaining factual allegations contained in paragraph 3 of the Complaint.

4.  The United States admits that, pursuant to the Act of the 28th Congress, Florida was admitted "into the Union on equal footing with the original States." The United States denies all remaining factual allegations contained in paragraph 4 of the Complaint.

5.  The United States admits that the Florida legislature created the Board of Trustees of the Internal Improvement Fund, and that the Internal Improvement Fund's authority and duties are codified under Chapter 253 Florida Statutes. The United States denies all remaining factual allegations contained in paragraph 5 of the Complaint.

6.  The United States admits that it deepened the Key West Channel through a dredging project that took place in the 1940's, and that it deposited some of the dredged lands into the property at issue in this case, creating the spoil area now known as Wisteria Island. The United States lacks sufficient knowledge and information to admit or deny the remaining factual allegations contained in paragraph 6 of the Complaint, and, therefore, denies all remaining factual allegations contained in paragraph 6 of the Complaint.

7.  As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in, or the authenticity of the ancient documents referenced in, paragraph 7 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 7 of the Complaint.

8. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in, or the authenticity of the ancient documents referenced in, paragraph 8 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 8 of the Complaint.

9. As the Internal Improvement Fund never had title to the Wisteria Island spoil area, it would not be able to transfer the same to the United States (or anyone). Nonetheless, the United States is without information or knowledge as to whether the Internal Improvement Fund ever purported to transfer title it did not own in Wisteria Island to the United States. Accordingly, the United States denies the allegations contained in paragraph 9 of the Complaint.

10. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 10 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 10 of the Complaint.

*The Internal Improvement Fund's Sale of The Thirty-Nine Submerged Acres, Including Wisteria Island*

11. The United States admits that in 1951 it was put on notice of Florida's intention to sell thirty-nine acres of lands, which included submerged lands and Wisteria Island. The United States lacks sufficient knowledge and information to admit or deny the remaining factual allegations contained in paragraph 11 of the Complaint, and, therefore, denies all remaining factual allegations contained in paragraph 11 of the Complaint.

12. The United States lacks sufficient knowledge and information to admit or deny the factual allegations contained in paragraph 12 of the Complaint, and, therefore, denies all factual allegations contained in paragraph 12 of the Complaint.

13. The United States lacks sufficient knowledge and information to admit or deny the factual allegations contained in paragraph 13 of the Complaint, and, therefore, denies all factual allegations contained in paragraph 13 of the Complaint.

14. The United States lacks sufficient knowledge and information to admit or deny the factual allegations contained in paragraph 14 of the Complaint, and, therefore, denies all factual allegations contained in paragraph 14 of the Complaint.

15. The United States admits that Congress passed and President Eisenhower enacted the Submerged Lands Act in 1953. The operation of the Submerged Lands Act is a question of law and requires no response. The United States denies any additional factual allegations contained in paragraph 15 of the Complaint.

*FEB's Acquisition of the Submerged Lands and Wisteria Island, and*
*The Government's Unequivocal Recognition of Such Title*

16. The United States lacks sufficient knowledge and information to admit or deny the factual allegations contained in paragraph 16 of the Complaint, and, therefore, denies all factual allegations contained in paragraph 16 of the Complaint.

17. The United States denies that Plaintiff has an ownership interest in the Submerged Lands. The United States lacks sufficient knowledge and information to admit or deny the remaining factual allegations contained in paragraph 17 of the Complaint, and, therefore, denies all remaining factual allegations contained in paragraph 17 of the Complaint.

18. The United States denies the allegations contained in paragraph 18 of the Complaint.

19. The United States denies that Plaintiff has complied with all Federal laws and rules relating to ownership of Wisteria Island and that Plaintiff has been the sole party maintaining and preserving Wisteria Island. The United States lacks sufficient knowledge and

information to admit or deny the remaining factual allegations contained in paragraph 19 of the Complaint, and, therefore, denies all remaining factual allegations contained in paragraph 19 of the Complaint.

20.     The United States avers that Robert C. Wilson was without authority to enter into the purported "License Agreements" on behalf of the United States or the Navy.  The United denies any remaining factual allegations contained in paragraph 20 of the Complaint.

21.     The United States lacks sufficient knowledge and information to admit or deny the factual allegations contained in paragraph 21 of the Complaint, and, therefore, denies all factual allegations contained in paragraph 21 of the Complaint.

*United States' Claim of an Adverse Interest*

22.     The United States admits that the Naval Air Station Key West issued a press release in which it affirmed that the property at issue in this case was "no longer controlled by the Navy" and "reverted back to the Bureau of Land Management."  The United States denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     The United States admits that a BLM employee corresponded via electronic mail with an employee of the Key West Citizen.  The United States denies that the BLM employee had the authority to bind the United States and denies all remaining factual allegations contained in paragraph 23 of the Complaint.

24.     The United States admits that the August 26, 2011, letter was sent from the Fish and Wildlife Service.  The United States denies that the Fish and Wildlife Service employee had the authority to bind the United States and denies all remaining factual allegations contained in paragraph 24 of the Complaint.

25.     The United States admits that it maintains ownership of the property in question, but denies all remaining factual allegations contained in paragraph 25 of the Complaint.

26.     The United States admits that the November 7, 2011, letter was sent from the BLM. The United States denies all remaining factual allegations contained in paragraph 26 of the Complaint.

27.     The United States did not have a duty to contact Plaintiff regarding Plaintiff's erroneous claim to the property, and, therein, admits that it did not contact Plaintiff. The United States denies the remaining factual allegations contained in paragraph 27 of the Complaint.

28.     The United States admits that the Key West Citizen issued an article dealing with the subject property. The United States denies the remaining allegations contained in paragraph 28 of the Complaint.

29.     The United States admits that the BLM sent Plaintiff's counsel the August 21, 2012 letter. The United States denies the remaining allegations contained in paragraph 29 of the Complaint.

## II. HISTORY OF THE SUBMERGED LANDS AND DEREIGNMENT OF TITLE TO WISTERIA ISLAND

30.     The United States admits the allegations contained in paragraph 30 of the Complaint.

31.     The United States admits that Congress formally established the territory and territorial government of Florida in March of 1822, but denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 32 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 32 of the Complaint.

33. The United States admits that on March 3, 1845, Florida became the twenty-seventh state of the United States, and was admitted to the Union "on equal footing with the original States." The United States denies the remaining allegations contained in paragraph 33 of the Complaint.

34. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 34 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 34 of the Complaint.

35. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 35 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 35 of the Complaint.

36. The United States admits the allegations contained in paragraph 36 of the Complaint in light of the fact that Florida never owned the Submerged Lands.

37. The United States admits that James Shield, Commissioner of the General Land Office at the time, sent the September 12, 1845, letter to then President James K. Polk. The United States denies the remaining factual allegations contained in paragraph 37 of the Complaint.

38. The United States denies the allegations contained in paragraph 38 of the Complaint.

39. The United States admits that President Polk enacted an Executive Order dated September 17, 1845, in response to Commissioner Shields' recommendation. The United States denies the remaining allegations contained in paragraph 39 of the Complaint.

40. The United States admits that Florida was readmitted to the Union on June 25, 1868. The United States denies the remaining allegations contained in paragraph 40 of the Complaint.

41. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 41 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 41 of the Complaint.

42. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 42 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 42 of the Complaint.

43. The United States admits the allegations contained in paragraph 43 of the Complaint.

44. The United States admits that the Submerged Lands and Wisteria Island are included in the area reserved by Executive Order No. 4060. The United States denies the remaining factual allegations contained in paragraph 44 of the Complaint.

45. As of the filing of this Answer the United States has been unable to verify the veracity of the historical allegations contained in paragraph 45 of the Complaint; and, therefore, denies all factual allegations contained in paragraph 45 of the Complaint.

46. The United States admits that it dredged the Key West Channel in the 1940s. As of the filing of this Answer the United States has been unable to verify the veracity of the remaining historical allegations contained in paragraph 46 of the Complaint; and, therefore, denies the remaining factual allegations contained in paragraph 46 of the Complaint.

47.     The United States admits that the Internal Improvement Fund purported to grant Wisteria Island to Paul E. Sawyer in 1952. The United States denies the remaining allegations contained in paragraph 47 of the Complaint.

48.     The United States admits that it gave actual notice of its adverse interest in the Submerged Lands to the Internal Improvement Fund on September 27, 1951, in response to the Internal Improvement Fund's intent to sell the Submerged Lands. The United States denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     The United States admits the allegations contained in paragraph 49 of the Complaint.

50.     The United States admits that Congress enacted the Submerged Lands Act in 1953. The United States denies the remaining factual allegations contained in paragraph 50 of the Complaint.

51.     Paragraph 51 contains a legal conclusion which does not require a response. To the extent paragraph 51 contains any factual allegations, the factual allegations contained in paragraph 51 of the Complaint are denied.

52.     The United States admits that the Submerged Lands Act contains several exceptions found at 43 U.S.C. § 1313(a). The United States denies the remaining factual allegations contained in paragraph 52 of the Complaint.

53.     The United States denies the allegations contained in paragraph 53 of the Complaint.

54.     The United States denies that Plaintiff has an ownership interest in the Submerged Lands. The United States lacks sufficient knowledge and information to admit or deny the

remaining factual allegations contained in paragraph 54 of the Complaint, and, therefore, denies all remaining factual allegations contained in paragraph 54 of the Complaint.

55. The United States admits that on March 18, 1982, the BLM issued Public Land Order No. 6214, which revoked Executive Order No. 4060. The United States denies the remaining factual allegations contained in paragraph 55 of the Complaint.

56. The United States denies the allegations contained in paragraph 56 of the Complaint.

57. The United States admits that stewardship of the Submerged Lands passed from the Navy to the BLM. The United States denies the remaining factual allegations contained in paragraph 57 of the Complaint.

58. The United States denies the allegations contained in paragraph 58 of the Complaint.

59. The United States denies the allegations contained in paragraph 59 of the Complaint.

60. The United States admits that on August 21, 2012, it reasserted its 1951 claim of interest to the Submerged Lands. The United States denies the remaining factual allegations contained in paragraph 60 of the Complaint.

### III. THE UNITED STATES PURPORTED INTEREST IN THE SUBMERGED LANDS AND WISTERIA ISLAND

61. The United States admits that the November 7, 2011, letter was sent from the BLM. The United States denies the remaining factual allegations contained in paragraph 61 of the Complaint.

62. The United States admits that Executive Order No. 4060 was enacted after Florida became a state. The United States denies the remaining factual allegations contained in paragraph 62 of the Complaint.

63. The United States admits that it gave actual notice of its adverse interest in the Submerged Lands to Plaintiff's predecessor in interest in 1951. The United States denies the remaining allegations contained in paragraph 63 of the Complaint.

64. The United States denies the allegations contained in paragraph 64 of the Complaint.

65. The United States admits that on August 21, 2012, it reasserted its 1951 claim of interest to the Submerged Lands. The United States denies the remaining factual allegations contained in paragraph 65 of the Complaint.

66. The United States incorporates herein (and restates by reference) its responses to paragraphs 1 through 65.

67. The United States admits that Florida is Plaintiff's predecessor in interest for QTA purposes. The United States denies all remaining factual allegations contained in paragraph 67 of the Complaint.

68. The United States denies the allegations contained in paragraph 68 of the Complaint.

69. The United States admits that it gave actual notice of its adverse interest in the Submerged Lands to Plaintiff's predecessor in interest in 1951. The United States denies the remaining allegations contained in paragraph 69 of the Complaint.

70. The United States admits that Executive Order No. 4060 was enacted after Florida became a state. The United States denies the remaining factual allegations contained in paragraph 70 of the Complaint.

71. The United States denies the allegations contained in paragraph 71 of the Complaint.

72. The United States denies the allegations contained in paragraph 72 of the Complaint.

73. The United States denies the allegations contained in paragraph 73 of the Complaint.

74. Paragraph 74 constitutes a request for relief to which no responsive pleading is required. To the extent a response is required, the United States denies all factual allegations contained in paragraph 74 and denies that Plaintiff is entitled to the relief sought.

75. The United States denies the allegations contained in paragraph 75 of the Complaint.

The paragraph in Plaintiff's Complaint that begins with "WHEREFORE" contains Plaintiff's request for relief, to which no response is required. To the extent that Plaintiff's request for relief requires an answer, the United States denies any factual allegations contained in the wherefore paragraph and denies that Plaintiff is entitled to the relief it seeks.

All allegations contained in Plaintiff's Complaint not specifically admitted above are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.
2. The Court lacks subject matter jurisdiction over the claims.

3. Plaintiff commenced this action beyond the QTA's 12-year statute of limitations.

4. Defendant reserves the right to prepare and present additional and alternative defenses and to supplement or amend this Answer.

**WHEREFORE**, having fully answered the Complaint, the United States prays that Plaintiff take nothing by way of the Complaint, that the same be dismissed, and that judgment be awarded quieting title in favor of the United States, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

s/Anthony Erickson-Pogorzelski
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fax: (305) 530-7139
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Anthony Erickson-Pogorzelski
Assistant United States Attorney